CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
Harrisonburg
APR 13 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RON JONES ) | |
|     Plaintiff, ) | Civil Action No. 5:09cv00065 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CARROLL R. BAUGHER, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

This is an action filed by plaintiff, Ron Jones, in August 2009 against defendants, George and Rebecca McDaniel, CorAman Properties, LLC (the McDaniels wholly owned member-managed limited liability company), and Heritage Title Company, LLC (the settlement agent) arising out of CorAman's purchase of Jones' residence in a foreclosure sale in 2006. Previously the court granted the McDaniels' motion for summary judgment after concluding that Jones had failed to marshal any evidence that the McDaniels engaged in any abusive, misleading, or improper debt collection practice under the FDCPA within the Act's one-year statute of limitations. CorAman has now moved for summary judgment.[1] In response to CorAman's motion, Jones filed a one paragraph brief incorporating the arguments he made in opposition to the McDaniels' motion. The court finds that its reasoning governing the McDaniels' earlier motion applies equally to CorAman's motion, and therefore, the court grants CorAman's motion on that identical ground – the ground that Jones has failed to point to any evidence that CorAman engaged in any abusive, misleading, or improper debt collection practice within the Act's statute

---

[1] CorAman also asks the court to decline to exercise supplemental jurisdiction over Jones' state law claims against CorAman. The court notes that its memorandum opinion dated 03/03/10 and the accompanying order make it clear that the court declined to exercise supplemental jurisdiction over *all* of the state claims against *all* of the defendants. The court also notes that due to the disposal of all federal claims in this action, the court (had it not already declined to exercise its supplemental jurisdiction) would decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

of limitations. Accordingly, the court grants CorAman's motion for summary judgment.

**Enter:** This 13th day of April 2010.

_____
UNITED STATES DISTRICT JUDGE